**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
Mark E. Belland, Esquire
David F. Watkins Jr., Esquire
*Attorneys for Plaintiffs*

| | |
|---|---|
| **JAMES ARMSTRONG, DEAN DOOLEY, MICHELLE CLARK, GARY STOWE, WILLIAM JACKSON, GEORGE ADAMS, CHRISTOPHER BARBER, JOSEPH RODRIGUEZ, WILLIAM TRACY, FRANK TIMEK, SAM RANDO, DARYL HALL, DONNA GREEN, ROBERT NAWROCKI, MICHAEL KERLEY, MICHAEL KNIGHTS**<br><br>*Plaintiff,*<br><br>v.<br><br>**THE CITY OF ATLANTIC CITY,**<br><br>*Defendant.* | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs James Armstrong, Dean Dooley, Michelle Clark, Gary Stowe, William Jackson, George Adams, Christopher Barber, Joseph Rodriguez, William Tracy, Frank Timek, Sam Rando, Daryl Hall, Donna Green, Robert Nawrocki, Michael Kerley, Michael Knights ("Plaintiffs"), by way of Complaint against the City of Atlantic City ("Defendant" or the "City") state as follows:

**PARTIES**

1. Plaintiff James Armstrong resides at 103 Birch Avenue, Egg Harbor Township, New Jersey 08234.

2. Plaintiff Dean Dooley resides at 116 Branch Hill Drive, Egg Harbor Township, New Jersey 08234.

3. Plaintiff Michelle Clark resides at 720 South New Road 5B, Absecon, New Jersey 08201.

4. Plaintiff Garry Stowe resides at 747 E. Village Drive, Galloway, New Jersey 08205.

5. Plaintiff William Jackson resides at 606 Shires Way, Egg Harbor Township, New Jersey 08234.

6. Plaintiff George Adams resides at 110 Peachtree Lane, Egg Harbor Township, New Jersey 08234.

7. Plaintiff Christopher Barber resides at 18 S. Delancy Place, Atlantic City, New Jersey 08401.

8. Plaintiff Joseph Rodriguez resides at 139 Bonita Drive, Egg Harbor Township, New Jersey 08234.

9. Plaintiff William Tracy resides at 2 Ritz Drive, Absecon, New Jersey 08201.

10. Plaintiff Frank Timek resides at 4505 Whalerman Road, Brigantine, New Jersey 08203.

11. Plaintiff Salvatore Rando resides at 5 Stoney Creek Drive, Egg Harbor Township, New Jersey 08234.

12. Plaintiff Daryl Hall resides at 200 East Drive, Linwood, New Jersey 08221.

13. Plaintiff Donna Green resides at 174 E. Mourning Dove Way, Galloway Township, New Jersey 08251.

14. Plaintiff Robert Nawrocki resides at 102 Ontario Avenue, Egg Harbor Township, New Jersey 08234.

15. Plaintiff Michael Kerley resides at 512 Bella Court, Galloway Township, New Jersey 08205.

16. Plaintiff James Knight resides at 24 Navajo Court, Galloway Township, New Jersey 08205.

17. At all relevant times, Plaintiffs are or were members of the Atlantic City Police Department ("Department") as a member of the K-9 Unit.

18. At all times relevant hereto, the City of Atlantic City is a public entity located at 1301 Bacharach Boulevard, Atlantic City, New Jersey.

19. At all times relevant hereto, the City is a public employer as defined by and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), specifically 29 U.S.C. § 203(d) and a "public agency" as defined under the FLSA, 29 U.S.C. § 203(x).

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

21. Further, this Court also supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

23. Defendant formed a K-9 Unit within the Department and assigned Plaintiffs to serve within the K-9 Unit.

24. A K-9 Unit includes police officer handlers who work with police dogs in various police activities.

25. The K-9 Unit was temporarily disbanded on or about August 2009 until being formally reinstated on or about July 2010.

26. Despite the temporary internal unit reassignment, K-9 officers maintained all of their responsibilities and obligations as if the K-9 Unit was in effect.

27. Pursuant to the terms of their governing collective negotiations agreement ("CNA"), and at all times relevant hereto while Plaintiffs were K-9 officers were they required to work 40 hours in a work week.

28. Under Article XXVI of the CNA, any work time that Plaintiffs spent during a week beyond the hours of their regular shift was to be compensated at a rate of one-and-one-half times their regular rate of pay.

29. Under the FLSA, Plaintiffs were required to be paid at a rate of time and one-half their normal hours rate for all overtime work performed.

30. During the time that Plaintiffs were K-9 officers, they were assigned dogs for police work.

31. Among their duties as officers in the K-9 Unit, Plaintiffs are and were required to, among other things, house, train, clean, groom, feed, exercise, maintain and perform daily health inspections, routine health care and routine veterinarian visits with the dogs that they were assigned to in the K-9 Unit.

32. The duties assigned to the Plaintiff's in the K-9 unit required them to perform overtime work for the City.

33. Plaintiffs have performed and are performing said overtime work at all relevant time periods and on a continuing basis.

34. Despite the fact that Plaintiffs have performed and are performing said overtime work for the Defendant, the Defendant has failed to compensate Plaintiffs with overtime pay for said overtime work performed.

35. The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* requires that Plaintiffs be paid at a rate of time and one-half their normal hourly rate for all overtime work performed.

36. Plaintiffs have performed and are performing said overtime work for the Defendants but have not been compensated for same contrary to the mandates and requirements of the FLSA.

37. The Defendants have willfully and/or knowingly violated the terms of the FLSA by failing to pay the Plaintiffs for said overtime work performed.

38. The Defendant adopted the requirements for K-9 and police training as set forth in the ATLANTIC CITY POLICE DEPARTMENT K-9 POLICY AND PROCEDURE ("Policy"). The Policy states:

> II. DEFINITIONS
>
> D. K-9 Officer/Handler- A law enforcement officer who officially utilizes a Police Dog in the course of assigned duties and responsibilities.
>
> XII. GENERAL OPERATIONAL ORDERS FOR K-9 PERSONNEL
>
> A. Personnel assigned to the K-9 Unit, in addition to complying with the policies and procedures of the Atlantic City Police Department, have the added responsibility of caring for and handling a trained Police Dog.

B. In further redeveloping the K-9 Unit into an efficient well organized unit, the following orders are issued to all K-9 and other personnel.

21. All K-9 Officers are to ensure that the general health, hygiene, and care of their assigned K-9 is properly maintained. Therefore, all K-9 Officers shall be responsible for making of all veterinary appointments and keeping all K-9 vaccinations and treatments up to date. Upon completion at the veterinarian, all receipts are to be signed by the K-9 Officer and a copy forwarded to the K-9 Unit Supervisor immediately. Any pertinent medical information regarding the K-9 shall be immediately reported to the K-9 Unit Supervisor. All K-9's shall be muzzled while at the veterinarian, unless otherwise instructed by the doctor.

22. When feasible, all K-9 Officers shall groom their K-9 daily or more often as required by weather, working conditions, or other factors. This shall include, but is not limited to: brushing or combing the K-9 to remove loose hair, the examination for fleas, ticks, etc. The use of a flea and tick product shall be applied as needed. All K-9 Officers shall give their K-9's a bath as often as necessary.

23. When feasible, all K-9 Officers shall give their K-9's a complete physical examination on a daily basis. This shall include, but is not limited to the visual and physical inspection of the K-9's entire body. If any injuries, sickness or other medical conditions are noticed during the examination or at any other time, it shall be immediately reported to the K-9 Officer's supervisor who, along with the K-9 Officer, shall ensure the K-9 is immediately given the appropriate medical attention.

24. The K-9 Officer shall notify the K-9 Unit Supervisor of the situation immediately. In order to maintain proper dental care, when feasible, all K-9 officers shall brush the teeth of their K-9 a minimum of once a week or as often as recommended by the Department's authorized veterinarian.

39. Pursuant to the Directive of as set forth above, Plaintiffs performed and are performing all of the required and necessary activities.

**COUNT I**
**FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS**

40. Plaintiffs repeat and re-allege each and every one of the foregoing allegations and incorporates them herein by way of reference as if set forth at length.

41. At all relevant times the Plaintiffs were entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 207(a)(1).

42. Upon information and belief, the Defendant was aware of the provisions of the FLSA.

43. Pursuant to the FLSA, the Defendant was required to provide overtime payments for all work time that Plaintiffs spent taking care of their police department dogs beyond the time of their regular shifts.

44. The Defendant failed to do so.

45. The failure by Defendant to pay such overtime compensation is a knowing, willful or reckless violation of the FLSA, within the meaning of the applicable statute of limitations, 29 U.S.C. § 255(a), for which Defendant is liable.

46. Plaintiffs suffered damages as a result of the Defendant's failure to provide proper overtime compensation and their violation of the FLSA.

**WHEREFORE**, Plaintiffs demand:

A. A judgment declaring that the Defendants have willfully, recklessly, and wrongfully violated their statutory and legal obligations, and deprived the Plaintiffs of their rights, protections and entitlement under Federal law, as alleged herein;

B. An Order for a complete and accurate accounting of all the overtime compensation that Defendant has denied Plaintiffs;

C. Judgment against the Defendants awarding Plaintiffs monetary damages as follows:

(1) compensation at the rate of time and one-half their normal hourly rate for all overtime worked performed;

(2) liquidated damages in an amount equal to their unpaid overtime compensation;

(3) pre-judgment interests; and,

(4) post-judgment interest.

D. Penalties and other remedies as set forth in the FLSA;

E. Attorney's fees and costs as set forth in the FLSA; and

F. Any other relief this Court deems just and appropriate.

**COUNT II**
**BREACH OF CONTRACT**

47. Plaintiffs reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

48. At all relevant times the Plaintiffs are or were members of the Atlantic City Police Benevolent Association Local 24 (hereinafter "PBA" or "Union").

49. On or about April 27, 1993 the Union and the Defendant entered into an agreement ("Agreement") regarding overtime claims for time K-9 officers.

50. Pursuant to the Agreement, K-9 officers were entitled to end their shifts one-half hour early for purposes of cleaning, grooming and feeding their dogs.

51. The Agreement also entitled K-9 officers to one Administrative Day per month.

52. At all relevant times, Defendant never permitted Plaintiffs to leave shifts early to take care of their dogs and did not given one Administrative Day per month in violation of the Agreement.

53. Paragraph 16 of the Agreement states:

> Nothing in this Agreement is intended to limit any party ot this Agreement from instituting any appropriate legal action to enforce the terms of this Agreement.

54. Defendant breached its contract with Plaintiffs causing the Plaintiffs to work additional hours by not permitting Plaintiffs to end shifts early or take additional administrative time.

55. As a result of Defendant's breach of contract, the Defendant is responsible for making restitution for the failure to perform the contract.

**WHEREFORE,** Plaintiffs demand a judgment against the Defendant for unjust enrichment for:

A. Compensation for all early release time and administrative days not provided to Plaintiffs;

B. Pre-judgment interests;

C. Post-judgment interest;

D. Costs of suit;

E. Attorney's fees; and

G. Any other relief this Court deems just and appropriate.

**COUNT II**
**UNJUST ENRICHMENT**

56. Plaintiffs reallege and incorporate by reference the paragraphs above as if they were set forth again herein.

57. Plaintiffs were employed by Defendants within the meaning of the NJ State Laws.

58. Plaintiffs rendered services as K-9 officers to Defendant in expectation of full compensation for such services.

59. Defendant accepted these services and in turn failed to compensate Plaintiffs for the fair value of those services as required by the CBA and the FLSA.

60. Defendant has been unjustly enriched at the expense of Plaintiffs.

61. As a result, Plaintiffs have been damaged in an amount to be determined at trial, plus interest.

**WHEREFORE**, Plaintiffs demand a judgment against the Defendant for unjust enrichment for:

F. Compensation at the rate of time and one-half their normal hourly rate for all overtime worked performed;

G. Pre-judgment interests;

H. Post-judgment interest;

I. Costs of suit;

J. Attorney's fees; and

H. Any other relief this Court deems just and appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury on all issues.

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

Dated: June 20, 2013

David F. Watkins, Esquire
Mark E. Belland, Esquire
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
*Attorneys for Plaintiffs*

**CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES**

I hereby certify, that to the best of my knowledge as of the date stated herein, there are no other proceedings either pending with respect to the matter in controversy in this action, and that there are no other parties that should be joined in this action.

David F. Watkins, Esquire

Dated: 6/20/13